IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Dawn W.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-3475 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Martin O'Malley, Commissioner of the | ) | |
| Social Security Administration,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Dawn W. ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration ("Commissioner") regarding her claim for Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). (ECF No. 1). This matter was referred to a magistrate judge pursuant to Local Rule 73.02(B)(2)(a), D.S.C., and Title 28, United States Code, Section 636(b)(1)(B). Now before the court is the magistrate judge's Report and Recommendation, recommending the Commissioner's decision be reversed and that this matter be remanded for an award of benefits. (ECF No. 31). In the Report, the magistrate judge set forth the relevant facts and legal standards, which are incorporated herein by reference. The

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. Committee on Court Administration and Case Management of the Judicial Conference of the United States, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, (May 1, 2018).

[2] Martin O'Malley was confirmed as the Commissioner of the Social Security Administration on December 20, 2023.

1

Commissioner filed objections to the Report, asking the court to "decline to adopt the [Report] insofar as it instructs the Commissioner to award benefits, and instead . . . requests that the [c]ourt remand to the Commissioner for further proceedings." (ECF No. 32 at 7). Plaintiff filed a reply. (ECF No. 33). Accordingly, this matter is ripe for review. The court finds a hearing is not necessary for a ruling as the matter has been fully briefed as to the issues before the court.

## BACKGROUND

The court takes the following background directly from the magistrate judge's Report:

> Plaintiff was 43 years old on her date last insured, December 31, 2015. (R. at 302, 381, 397.) Plaintiff claims disability due to, *inter alia*, fibromyalgia, sciatica, and vascular problems. (R. at 381, 397.) Plaintiff has past relevant work as a vocational trainer, nurse aid, and medical clerk. (R. at 335.)
>
> Plaintiff initially filed an application for DIB on March 16, 2011, alleging a disability onset date of April 27, 2010. (R. at 82.) Her application was denied initially and on reconsideration. (R. at 82, 84.) After a hearing before an Administrative Law Judge ("ALJ") on November 6, 2012, the ALJ issued a decision on March 15, 2013, in which the ALJ found that Plaintiff was not disabled. (R. at 10–31, 49–81.) After the Appeals Council declined Plaintiff's request for review (R. at 1–6), Plaintiff filed an action in the United States District Court for the District of South Carolina. The Court remanded Plaintiff's claim for a new hearing. (R. at 443–54.)
>
> While Plaintiff's federal case was pending, she filed a subsequent claim for DIB on June 18, 2015. (R. at 381.) The Appeals Council ordered that Plaintiff's claims be consolidated and instructed the ALJ to issue a new decision on the consolidated claims. (R. at 457, 462.) After conducting a new hearing on Plaintiff's claims, the ALJ issued a decision in which he again found that Plaintiff was not disabled. (R. at 459–92.) Plaintiff appealed the decision, and the Appeals Council remanded the claim in an Order dated May 15, 2019. (R. at 503–04.)
>
> Following a third hearing, the ALJ issued a decision on December 3, 2019 in which the ALJ found that Plaintiff was not disabled. (R. at 300–79.) After the Appeals Council declined Plaintiff's request for review of that decision, (R. at 290–96), Plaintiff filed this civil action. The December 2019 decision is the Commissioner's final decision for purposes of judicial review.
>
> In making the determination that the Plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the ALJ:

(1) The claimant last met the insured status requirements of the Social Security Act on December 31, 2015.

(2) The claimant did not engage in substantial gainful activity during the period from her alleged onset date of April 27, 2010 through her date last insured of December 31, 2015 (20 CFR 404.1571 *et seq*.).

(3) Through the date last insured, the claimant had the following severe impairments: major depressive disorder; generalized anxiety disorder with panic attacks; fibromyalgia; left L5 nerve root irritation and lumbosacral neuritis; bilateral C5-6 nerve root interruption with sensory peripheral neuropathy; acromioclavicular joint posterior right shoulder capsule ligamentous strain and subscapularis tendinosis (20 CFR 404.1520(c)).

(4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except she could never climb ladders, ropes, or scaffolds. She could frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She could frequently do overhead reaching with her right upper extremity, handle, and finger. She must avoid all exposure to hazards. She could do unskilled work (e.g., SVP1 and 2) on a sustained basis (i.e., 8 hours a day, five days a week, in two-hour increments with breaks). She needs a low stress work environment, characterized as nonproduction work, with no fast-paced work or assembly line production.

(6) Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on December 22, 1972 and was 43 years old, which defined as a younger individual age 45-49, on the date last insured (20 CFR 404.1563).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

> (10) Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).
>
> (11) The claimant was not under a disability, as defined in the Social Security Act, at any time from April 27, 2010, the alleged onset date, through December 31, 2015, the date last insured (20 CFR 404.1520(g)).

(ECF No. 31 at 2-4). Neither party has filed objections to the Report's recitation of these facts or procedural history.

Plaintiff filed this action in the district court, alleging the ALJ committed reversible error in: (1) failing to properly evaluate Plaintiff's fibromyalgia; (2) failing to adequately explain and support Plaintiff's residual functional capacity; and (3) failing to appropriately consider opinion evidence. (ECF No. 24). In her brief, Plaintiff requested the court reverse the case and remand the claim to the Commissioner for further proceedings. *Id.* at 26. The Commissioner filed his brief, asking the court to affirm the ALJ's decision. (ECF No. 26). The magistrate judge concluded the ALJ committed reversible error in evaluating Plaintiff's fibromyalgia, specifically noting that the ALJ erred in relying on "objective medical evidence to discount Plaintiff's subjective complaints about the intensity, persistence, and limiting effects of her fibromyalgia symptoms"; in "discount[ing] Plaintiff's subjective statements about her fibromyalgia symptoms and the effects of those symptoms on her ability to work an eight-hour day[]"; and in relying on "Plaintiff's daily activities to support the conclusion that Plaintiff was capable of medium work with certain limitations" despite recognizing that those activities were "limited in scope and duration[.]" (ECF No. 31 at 7, 11-14). "[I]n light of the record evidence, the procedural history of this case, and the fact that Plaintiff's claim has been pending for over thirteen years," she also recommended the case be remanded for an award of benefits. *Id.* at 6. The Commissioner filed objections to the

4

Report, asking the undersigned to remand the case for further proceedings rather than for an award of benefits. (ECF No. 32). Plaintiff filed a reply, requesting the court adopt the magistrate judge's recommendation. (ECF No. 33).

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the Act. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see also Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015). Further, as noted by the magistrate judge, "[s]ubstantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." (ECF No. 31 at 5) (quoting *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 386 (4th Cir. 2021)). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969); *see also Dowling*, 986 F.3d at 383 (citing *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017)). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings,

5

and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58. In reviewing such record, the court must ensure that the ALJ did not cherry-pick, misstate, or mischaracterize the material facts underlying the decision and that, instead, the ALJ built "'an accurate and logical bridge' from the evidence to their conclusions." *Arakas v. Comm'r Soc. Sec. Admin.*, 983 F.3d 82, 95–99 (4th Cir. 2020).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, "'the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" *Floyd v. City of Spartanburg S.C.*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017);

*see also Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation").

## DISCUSSION

Initially, the court notes it agrees with the magistrate judge that the ALJ committed reversible error in its evaluation of Plaintiff's fibromyalgia. The court also agrees with the magistrate judge that the ALJ's errors discussed in the Report "permeated" the ALJ's decision. (ECF No. 31 at 15 n.4). Furthermore, neither party has objected to the magistrate judge's analysis or determination that the ALJ erred in relying on "objective medical evidence to discount Plaintiff's subjective complaints about the intensity, persistence, and limiting effects of her fibromyalgia symptoms"; in "discount[ing] Plaintiff's subjective statements about her fibromyalgia symptoms and the effects of those symptoms on her ability to work an eight-hour day[]"; and in relying on "Plaintiff's daily activities to support the conclusion that Plaintiff was capable of medium work with certain limitations" despite recognizing that those activities were "limited in scope and duration[,]" (ECF No. 31 at 7, 11–14). *See* (ECF No. 32 at 7) (Commissioner's objections indicating that "the Commissioner requests that the court "remand to the Commissioner for further proceedings).[3]  Having reviewed the record under the appropriate standards, the court finds that remand is appropriate. Accordingly, the issue before the undersigned is whether to remand this case *for further proceedings* or to remand *for an award of benefits*.

The Fourth Circuit Court of Appeals has determined that it is "appropriate to reverse [for an award of benefits] where the record does not contain substantial evidence to support a decision

---

[3] While portions of the Commissioner's objections do attempt to rectify the ALJ's explanation and analysis, at no point in the objections does the Commissioner state that remand in general is not appropriate. *See* (ECF No. 2–5).  As the Commissioner is represented by counsel, this court is not charged with liberally construing his filings. Furthermore, a general remand is *the specific relief the Commissioner requests* in his objections. *Id.* at 7.

7

denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974); *see also Carr v. Kijakazi*, 2022 WL 301540, at *3, 4 (4th Cir. Feb. 1, 2022) (stating "[a] court may . . . reverse and direct the award of benefits only in the unusual case in which it can be determined, even in the absence of an explanation, that there is no account on which substantial evidence could support a denial of benefits").

In recommending the instant case be remanded for an award of benefits, the magistrate judge noted:

> Here, Plaintiff filed for benefits over thirteen years ago, multiple hearings have been held on Plaintiff's application, and the ALJ's decision has now been reversed several times. Remand would serve no useful purpose here, as no reasonable interpretation of the evidence would support a conclusion that Plaintiff could sustain ongoing competitive work activity. . . . Rather, the record demonstrates that Plaintiff experienced disabling symptoms due to fibromyalgia throughout the relevant period. This case therefore constitutes a rare instance in which it is "clear that an ALJ decision denying benefits, properly explained, could not be supported by substantial evidence in the record." *Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540, at *5 (4th Cir. 2022).

(ECF No. 31 at 16).

The Commissioner disagrees. He contends that there was at least conflicting evidence in the record bearing on the ALJ's RFC. *Id*. at 5-6. Specifically, the Commissioner notes that Dr. Marcia Oliver, a consultative examiner, determined Plaintiff to have full range of motion, that she could "easily move[]" around the exam room, and that despite being positive on "most fibromyalgia points", she did not consider the findings to "clearly meet diagnostic criteria for fibromyalgia." *Id.* at 3. Additionally, the Commissioner explained that the record contains evidence that Plaintiff's treatment for her condition was effective, noting that Plaintiff reported her medication and physical therapy helped her. *Id.* Furthermore, the Commissioner argues that the record contains inconsistent statements by Plaintiff as to her treatment. *Id.* at 4. Additionally,

8

the Commissioner contends that the record contains conflicting opinions as to Plaintiff's limitations. *Id.* at 5. Therefore, he maintains this is not one of the "rare cases" that warrants a remand with an award of benefits. *Id.*

The court has carefully considered the evidence relied on by the Commissioner as well as the record as a whole. Given the ALJ's improper analysis of Plaintiff's fibromyalgia throughout her decision as well as the various conflicting expert opinions and other evidence in this case, the court concludes remand for further proceedings is appropriate. *See Carr v. Kijakazi*, 2022 WL 301540 (4th Cir. 2022) (unpublished) (affirming the district court's decision to remand for further proceedings rather than award benefits where the record contained conflicting expert testimony and the ALJ's decision contained insufficient legal analysis). Indeed, this is the relief Plaintiff requested in her brief. *See* ECF No. 24 at 36 (where Plaintiff requests the court "reverse this case and remand the claim to the Commissioner for further proceedings consistent with the law"); *id.* at 30 (where Plaintiff provides "[s]ince the ALJ failed to provide any discussion or explanation for why her RFC findings exceeded the limitations in the opinions she accepted in formulating her RFC, we are left to guess at how the ALJ arrived at her decision. And the 4th Circuit clarified in a binding, published decision, that a case must be remanded if the reviewing court is 'left to guess about how the ALJ arrived at his conclusions.' *Mascio v. Colvin*, 780 F.3d 632, 2015 WL 1219530, at *4 (4th Cir. March 18, 2015). Therefore, remand is required").

The court adds that *Arakas* was decided after the ALJ's most recent decision in this case. Therefore, the ALJ did not have the benefit of reviewing this record under the Fourth Circuit Court of Appeals' guidance in that case. This remand will give her the opportunity to do so. Further, while the court is mindful of the lengthy procedural history of this case, which was part of the basis for the magistrate judge recommending award of benefits and which Plaintiff argues in her

9

reply to the Commissioner's objections, the length of time a case has "dragged on" is not a ground "for directing an award of benefits in the absence of a finding that a claimant is indeed disabled." *Carr,* 2022 WL 301540 *5. Finally, the court adds that, in remanding for further proceedings, the court is not "prejudg[ing] the outcome of this proceeding on remand, or opin[ing] as to the relative strength of the parties' cases." *Id.*

Accordingly, the court **ADOPTS** the Report (ECF No. 31) to the extent it recommends reversing the ALJ's decision and **DECLINES TO ADOPT** the Report to the extent it recommends remanding *for an award of benefits*. Instead, the court finds that remand of this case for further proceedings is the appropriate remedy. Therefore, the Commissioner's final decision is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative review consistent with the law.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
September 26, 2024